IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ARTHUR WELLS                 PLAINTIFF

VS.     NO. 4:17cv142-BSM

NATIONAL CONFERENCE OF BAR EXAMINERS     DEFENDANT

AFS:

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

## COMPLAINT

COMES NOW the Plaintiff, Arthur Wels, by and through counsel, Harrill & Sutter, P.L.L.C., and for this Complaint, states:

### PARTIES AND JURISDICTION

1. The Plaintiff is a resident of Pulaski County, Arkansas, who is a person with a disability, as defined by the ADA and the ACRA. The Defendant is a foreign corporation doing business in Arkansas who will administer a test to Plaintiff and law school students for admission to the Bar on 3/18/2017 at the Bowen School of Law, a public entity. This Court has jurisdiction over the parties, and venue is proper under 28 U.S.C. §1391(b). Further, this Court has subject matter jurisdiction of Count I under 28 U.S.C. § 1331 and §1343 and has supplemental subject-matter jurisdiction over Count II under 28 U.S.C. 1337. Plaintiff's claim is authorized by 28 U.S.C. § 2201, § 2202, and 42 U.S.C. §1983.

### GENERAL ALLEGATIONS OF FACT

2. On July 12, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., establishing the most important civil rights for persons with disability in our country's history.

3. The Congressional statutory findings include:

a. Some 43,000,000 have one or more physical or mental disabilities....;

b. Historically, society has tended to isolate and segregate individuals with disabilities and,

despite some improvements, some forms of discrimination against individuals with disabilities continue to be a continuous and pervasive social problem;

    c.  Discrimination against individuals with disabilities persist in such critical areas as . . . public accommodations;

    d.  Individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminatory affects of architectural . . . barriers; and

    e.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to pursue those opportunities for which our society is justifiably famous . . . 42 U.S.C. § 12101(a).

4.  Congress gave public accommodations one and one-half years to implement the Act. The effective date was January 26, 1992.

5.  Nevertheless, Defendants has failed to make those changes which are readily achievable as herein alleged.

6.  Plaintiff has requested the Defendant to accommodate him in the testing process, but Defendant refuses, without legal justification, to comply with Plaintiff's requests and will continue to do so in the absence of court intervention.

7.  Title III covers "public accommodations and services operated by private entities", 42 U.S.C. § 12181, et seq. Title II covers public entities and its programs. By virtue of hosting this test that is required to be licensed, this activity is also subject to Title II. Defendant has therefore failed to grant Plaintiff program access, as required by 28 CFR 35.130.

8.  Public accommodation is defined to inclue Defendant's activities under 42 U.S.C. § 12181.

9.  Defendant operates a testing service throughout the country.

10.  Discrimination, for purposes of Title III of the ADA, includes "a failure to remove architectural barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable", 42 U.S.C. § 12182(b)(2)(A)(iv).

11.  The United States Department of Justice has defined readily achievable to mean "easily

accomplishable and able to be carried out with much difficult or expense".

12. The Defendant's programs were to be in compliance by January 26, 1992. As alleged above, the Defendant's programs are not in compliance with the ADA, codified at 42 U.S.C., § 12101, et seq. and the federal regulations promulgated pursuant to the ADA.

## COUNT I

13. Defendant has failed to evaluate its policies, programs and testing procedures in order to eliminate those policies and procedures which discriminate unfairly against the Plaintiff.

14. Plaintiff has a disability which substantially impairs one or more major life activities and is an otherwise qualified individual, within the meaning of the ADA.

15. Plaintiff has made a good faith attempt to resolve these difficulties with the Defendant, however, the Defendant maintains that these reqeusts are not required under the ADA.

16. By failing to make those changes which are readily achievable, the Defendant intentionally discriminates against the Plaintiff.

17. Plaintiff moved from Florida on August 1, 2013, and is now domiciled in Arkansas.

18. Plaintiff is a student at the Bowen School of Law.

19. Plaintiff was diagnosed with DSM-IV Axis I: 315.00 Reading Disorder, 315.2 Disorder of Written Expression - Spelling, 315.1 Mathematics Disorder, and 314.00 Attention-Deficit Disorder - Predominantly Inattentive Type.

20. Plaintiff registered to take the MPRE and requested testing accommodations.

21. Plaintiff requested the testing accommodations of extended testing time, 50% extended test time, and test format/acceptability, Reader provided by NCBE.

22. Plaintiff submitted documentation requesting testing accommodations on February 1, 2017.

23. Defendant partially approved Plaintiff's request for testing accommodation on February 20, 2017.

24. Defendant approved the testing accommodation of extended testing time, 50% extended time.

25. Plaintiff applied for testing accommodation on the LSAT and was provided extended testing time, 25% extended time, and the testing format/accessibility, reader provided by the Law School Admissions Council on May 27, 2011; August 26, 2011; and January 24, 2011.

26. Plaintiff was provided the following testing accommodations by the Bowen School of Law from fall 2013 to present: reduced distraction room, extended time for exam (1.5 time equal 30 additional minutes per hour), and laptop for exams with Microsoft Word, voice recognition software, and screen reader for exams.

27. Plaintiff was granted the following general accommodations by the Bowen School of Law from fall 2013 to present: books and alternate format, priority registration, and classroom handouts in digital format.

28. Plaintiff was provided the following testing accommodations by the University of Central Florida from 2009 to 2011: extended time (double time), use of word processor for essay based exams, use of spellcheck, speech to text program, and text-to-speech program.

29. Plaintiff was provided the following general accommodations by the University of Central Florida from 2009 to 2011: use of audio voice recorder and notetaker for class. Plaintiff was also provided the following testing accommodations by the University of Florida from 2005 to 2007: time and a half on all quizzes and exams and a special test environment.

30. Plaintiff was provided the following general accommodations by the University of Florida from 2005 to 2007: priority registration, foreign language substitution, reduce course load, and access to printed overheads and powerpoints.

31. Plaintiff did not have access to text-to-speech applications or voice recognition software at the University of Florida because the University of Florida's Disability Resource Center lacked such resources.

32. Plaintiff's GPA suffered at the University of Florida due to lack of disability resources.

33. Plaintiff dropped out of University of Florida after three semesters.

34. Plaintiff was provided the following testing accommodations by Santa Fe College from 1996 to 2009: extended time for exams (50%), word processor with spell check, voice recognition and screen reading software.

35. Plaintiff was provided the following general accommodations by Santa Fe College from 1996 to 2009: notetaker services and permission to record lectures.

36. Plaintiff's most recent evaluation for disability was preformed March 2011 by David J. Fleischmann, Ph.D and was diagnosed with DSM-IV Axis I: 315.00 Reading Disorder, 315.2 Disorder of Written Expression - Spelling, 315.1 Mathematics Disorder, and 314.00 Attention-Deficit Disorder - Predominantly Inattentive Type.

37. Plaintiff was evaluated on February 2011 by John J Dabrowski, Ph.D., P.A., and was diagnosed with DSM-IV Axis I: Reading Disorder, Mathematics Disorder, and Disorder of Written Expression.

38. Plaintiff was evaluated on November 22, 1994 by Faye Sivazlizn, Ed.D, NCSP, a school psychologist employed by the School Board of Alachua County.

39. Plaintiff had an IEP performed on September 28, 1994, by the School Board of Alachua County.

40. Plaintiff was in special education classes as early as elementary school.

41. So, by virtue of the facts alleged herein, Plaintiff is a person with a disability.

42. Plaintiff's requests are reasonable and required by the ADA.

43. So, Defendant has violated the Title III of the ADA.

44. In the absence of court intervention, Plaintiff will suffer irreparable harm because he will not be able to pass the test without compliance with the ADA.   Plaintiff will therefore be unable to practice law in his chosen state and profession.

## COUNT II

44. Plaintiff realleges the foregoing as if fully set out herein.

45. By virture of the facts herein alleged, Defendant's actions have violated the Arkansas Civil Rights Act of 1993.

46. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff has suffered severe mental and emotional stress.

47. Defendant's actions are so egregious so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue an injunction enjoining Defendant from continuing its discrimination and ordering the Defendant to make those accommodations Plaintiff has requested; that this Court award him appropriate compensatory and punitive damages; that this Court award to Plaintiff his attorney's fees, his costs, and all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, ARBN 95031
luthersutter.law@gmail.com

_____
Arthur Wells

Dated: 3 / 10 / 2017

SUBSCRIBED AND SWORN to before me on this, the 10th day of March 2017.

_____
Notary Public

LUTHER O'NEAL SUTTER II
Notary Public-Arkansas
Pulaski County
My Commission Expires 03-22-2026
Commission # 12346720

My Commission Expires:_____